UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CARL COPHER, | ) |
| Plaintiff, | ) |
| v. | ) 17-CV-4039 |
| DR. RANKIN, et al. | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

Plaintiff proceeds pro se from his incarceration in East Moline Correctional Center. His Complaint is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. This section requires the Court to identify cognizable claims stated by the Complaint or dismiss claims that are not cognizable.[1] In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor and taking Plaintiff's pro se status into account. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient.

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that the soy in the prison diet is contraindicated for his hypothyroidism. He repeatedly asked the doctors at Shawnee and East Moline Correctional Centers for a soy-free diet but they refused. Plaintiff alleges that he is suffering pain, fatigue, diarrhea, "brain fog" and other difficulties. He alleges that a normal TSH[2] level is 4 and that he has a TSH level of 22.

Plaintiff states an Eighth Amendment claim for deliberate indifference to his serious medical needs regarding his overall treatment for his hypothyroidism, including but not limited to his need for a soy-free diet. This claim will proceed against Dr. Rankin, Dr. Alfonso, Health Care Unit Administrator Jepsen, and Warden Brannon. Warden Brannon is entitled to rely on the professional judgment of the doctors, but, from the Court's experience in other cases, there may be an IDOC policy involved regarding special diets.

**Plaintiff seeks only damages in the relief portion of his complaint, but his complaint is fairly construed as seeking**

---

[2] Thyroid stimulating hormone.

**injunctive relief, both preliminary and permanent. This case will be put on a faster track to determine Plaintiff's claim for preliminary injunctive relief.**

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment claim for deliberate indifference to his serious medical needs regarding his overall treatment for his hypothyroidism, including but not limited to his need for a soy-free diet. This claim will proceed against Dr. Rankin, Dr. Alfonso, Health Care Unit Administrator Jepsen, and Warden Brannon in their individual and official capacities (for purposes of injunctive relief). This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) East Moline Correctional Center Medical Administration, the Illinois Department of Corrections, and Shawnee Correctional Center Medical Administration are dismissed. The medical administrations are not suable entities, and state agencies like the

Illinois Department of Corrections are not considered persons subject to suit under 42 U.S.C. § 1983.

3) **Plaintiff's complaint is construed as seeking a preliminary injunction for a soy-free diet and for appropriate treatment for Plaintiff's hypothyroidism.**

4) **The defendants located at Plaintiff's current place of incarceration are directed to respond to the preliminary injunctive relief request by March 31, 2017, attaching the affidavits of the plaintiff's treating physicians and the plaintiff's medical records.**

5) **The clerk is directed to send a waiver of service to the defendants per the standard procedures and also to email this order, waivers of service, and the complaint to Attorneys Joseph Rupcich and Lisa Cook.**

6) **A hearing is set for April 10, 2017, at 10:00 a.m. Plaintiff shall appear by video. Defense counsel and any witnesses they may have may appear by video. By April 3, 2017, defense counsel are directed to notify the clerk of the location from which they and their witnesses will appear by video.**

**7)** **The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**8)** **The clerk is directed to terminate East Moline Correctional Center Medical Administration, the Illinois Department of Corrections, and Shawnee Correctional Center Medical Administration**.

**9)** **The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done, and to attempt service on Defendants as directed above.**

ENTERED:   March 14, 2017

FOR THE COURT:

                                      **s/Sue E. Myerscough**
                                    SUE E. MYERSCOUGH
                            UNITED STATES DISTRICT JUDGE